## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                              **No. 15-cr-30132-DRH**

**KENNETH J. LEE,**

**Defendant.**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

Upon motion of counsel for the Defendant (Docs. 20 & 21) and because the expected length of his representation in this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, under the *Guide to Judiciary Policy* ("Guide"), Volume 7, Part A, § 230.73.10, the following procedures for interim payments will apply during the course of his representation in this case:

### 1. Submission of Vouchers

Counsel should submit to the CJA clerk, once each month, an interim Form CJA 20, Appointment and Authority to Pay Court Appointed Counsel. Compensation earned  and reimbursable expenses incurred from the first to the last day of each month should be claimed on an interim  voucher submitted no later than the fifth day of each month, on the first business day thereafter. The first interim voucher submitted should reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to November 30,

2015, and should be submitted no later than December 7, 2015; thereafter, the vouchers should be submitted monthly according to the schedule outlined above. Counsel should complete Item 19 on the form for each interim voucher. Each interim voucher should be assigned a number when processed for payment. Interim vouchers should be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers should be supported by detailed and itemized time and expense statements. Guide, 7A, § 230 outlines the procedures and rules for claims by CJA attorneys and should be followed on each voucher.

I will review the interim voucher when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for 80 percent of the approved number of hours. This compensation will be determined by multiplying 80 percent of the approved number of hours by the applicable rate. I will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, counsel should submit a final voucher seeking payment of the 20 percent balance withheld from the earlier interim vouchers, as well as payment for representation provided during the final interim period. The final voucher should set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel should reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be

paid at the conclusion of the case. After reviewing the final voucher, I will submit it to the chief judge of the circuit or her delegate for review and approval.

### 2. Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $800.00 without prior approval of the Court. Such approval may be sought by filing an *ex parte* application with the clerk stating the nature of the expense, the estimated dollar cost, and the reason the expense is necessary to the representation of the defendant. An application seeking such approval may be filed *in camera*, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $800.00 on one or more interim vouchers are not considered single expenses requiring court approval.

The following additional guidelines may be helpful to counsel:

(a) Case related travel by privately owned automobile should be claimed at the rate of 57.5 cents per mile, plus parking fees, ferry fares, and bridge, road, and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited. Counsel and persons providing

services under the CJA are encouraged to contact the clerk for air travel authorization at government rates.

(b) Telephone toll calls, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by FED.R.CRIM.P. 17 and 28 U.S.C. § 1825.

**3. Further Guidance**

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. § 3006A; (2) the Criminal Justice Act Plan of the United States District Court for the Southern District of Illinois, available at: http://www.ilsd.uscourts.gov/DistrictCourtPlans.aspx; and (3) the Guide, Vol 7A (Guidelines for Administering the CJA and Related Statutes), published by the Administrative Office of the U.S. Courts, available through the clerk, and at: http://www.uscourts.gov/rules-policies/judiciary-policies/criminal-justice-act-cja-guidelines. Should these references fail to provide the desired clarification or direction, counsel should address their inquiries directly to me or my staff.

**4. Defendant's motion to employ a paralegal at a rate of $60.00 per hour, not to exceed 100 hours (Doc. 21)**

Defendant also seeks to employ a paralegal at a rate of $60.00 per hour, not to exceed 100 hours pursuant to §§ 320.70.10 and 320.70.50 of the *Guide to*

*Judiciary Policy*. The paralegal's work and time shall be itemized on the voucher in the same way as that of counsel. This will allow the Court to insure that she is utilized to perform services designed to reduce the number of hours spent by CJA counsel, but properly within the skills of the paralegal.

**IT IS SO ORDERED.**

Signed this 2nd day of November, 2015.

**District Judge**
**United States District Court**

**Approved:**

**Chief Judge**
**United States Court of Appeals for the**
**Seventh Circuit**